IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EUGENE HARDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 09-00154-CB-N |
| | ) |
| DALLAS COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se*, has once again failed to comply with the orders of this Court. Because the Court's initial screening of plaintiff's complaint revealed pleading deficiencies that were likely to result in dismissal of the action, the Court, on September 3, 2009 and again on October 1, 2009, ordered the plaintiff "to file an Amended Complaint . . . which specifically identifies each person or entity he is suing; the specific claim against each defendant (i.e.,what each defendant specifically did to the plaintiff); the facts supporting each claim, including the date and location of the incident; what, if any, specific injury you sustained as a result of the incident; and what you want the Court to do for you if you win." (Docs. 10 and 11) In its last order, the Court gave the plaintiff a second chance to comply and extended the deadline until October 23, 2009 for plaintiff to file an Amended Complaint. The court also provided the plaintiff with a copy of the Court's proper form for such a complaint under 42 U.S.C. § 1983. Neither order has been returned to the court as undeliverable for any reason. Notwithstanding the Court's orders, plaintiff has failed to file the required

Amended Complaint or to request an extension of time within which to do so despite the following warning set forth in the Court's October 1, 2009 Order:

> **FAILURE TO COMPLY WITH THIS ORDER WITHIN THE TIME PRESCRIBED <u>WILL</u> RESULT IN A RECOMMENDATION THAT THIS § 1983 ACTION BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND TO OBEY THE COURT'S ORDER.**

(Doc. 11) (emphasis in original).

Due to Plaintiff's failure to comply with the Court's prior orders and to prosecute this action by setting forth his § 1983 claims on the proper form with specificity as directed by the Court, the undersigned recommends that, through its inherent powers, this action be dismissed without prejudice. Link v. Wabash R.R., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389 (1962)("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); Zocarus v. Castro, 465 F.3d 479, 483 (11th Cir. 2006)(recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation); *see generally* Betty K. Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337-38 (11th Cir. 2005)(discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 14(b) of the Federal Rules of Civil Procedure, and concluding that only a dismissal *with prejudice* requires findings of contumacious conduct and that lesser sanctions will not suffice).

In the present action, if plaintiff disputes the finding of failure to complete and file

his § 1893 action on this Court's proper form and wants to proceed with litigation of his action, he shall set forth in an objection to the report and recommendation the reason for his failure to comply with the Court's Orders of September 3 and October 1, 2009. Wilson, 414 F.3d at 1320 (citing to Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000)(finding that an objection to a recommendation is an acceptable means to ascertain the steps taken by a prisoner to comply with the Court's order).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**Done** this 9th day of November, 2009.

/s/ KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL
RIGHTS AND RESPONSIBILITIES FOLLOWING
RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

**Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

**Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**Done** this 9th day of November, 2009.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE